UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DEQUAN REYES,

    Plaintiff,

v.                                      24-CV-979 (JLS)

SARGENT PRICE, SARGENT JOHN
DOE, Elmira Draft Room, JHON DOE,
Wende Hearing Officer, C.O. VOIGHT,
#36799, SARGENT PHILLAGARAH,
Collins RRU, C.O. DARREN JONES,
#38989, C.O. G. ZITNIK, Officer from
Collins,

    Defendants.

---

    *Pro se* plaintiff DeQuan Reyes is confined at the Collins Correctional Facility. Reyes submitted a complaint, which asserts claims under 42 U.S.C. § 1983 (Dkt. 1), but did not pay the filing fee. Reyes applied to proceed *in forma pauperis*—that is, as someone who should have the prepayment of the ordinary filing fee waived because he cannot afford it—but his application is incomplete because he did not file several required documents: (1) the second page of his affirmation, (2) the certification of his inmate trust account (or institutional equivalent), and (3) a signed authorization. Dkt. 2.

    The Clerk of Court shall administratively terminate this action. If Reyes wishes to reopen this case, he must notify the Court in writing **by November 18, 2024**, and must include either: (1) a complete *in forma pauperis* application,

including an affidavit swearing that he is unable to pay a $350.00 filing fee, a certification of his inmate trust fund account, and a signed authorization form; or (2) the $350.00 filing fee and the $55.00 administrative fee ($405.00 total).

## DISCUSSION

A party commencing a civil action in this Court ordinarily must pay a $350.00 filing fee, as well as a $55.00 administrative fee.[1]  *See* 28 U.S.C. § 1914; Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule;[2] Western District of New York, District Court Schedule of Fees.[3]  If a "prisoner" (as defined in 28 U.S.C. § 1915(h)) wishes to commence a civil action, he or she must either (1) pay those fees, or (2) obtain permission to proceed *in forma pauperis* under 28 U.S.C. § 1915.

---

[1] The fee to file a civil action in this Court is $350.00.  Effective May 1, 2013, the Judicial Conference of the United States added an administrative fee to the cost of filing a civil lawsuit in district court.  *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, available at http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us.  But this additional administrative fee does not apply to prisoners who are granted permission to proceed *in forma pauperis.  See generally id.*  Effective December 1, 2023, this fee was increased to $55.00.  *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[2] Available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[3] Available at http://www.nywd.uscourts.gov/fee-schedule.

I.  **REQUIREMENTS FOR *IN FORMA PAUPERIS* APPLICATION**

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), which amended 28 U.S.C. § 1915, established certain requirements that a prisoner must meet in order to proceed *in forma pauperis*. Those requirements are summarized below.

A.  **Supporting Affidavit or Affirmation**

Under 28 U.S.C. § 1915(a)(1), a prisoner seeking to proceed *in forma pauperis* in a civil action must submit an affidavit or affirmation detailing the prisoner's assets and liabilities and swearing under oath that the prisoner is unable to pay the $350.00 filing fee. A motion to proceed *in forma pauperis* should be supported by such an affidavit or affirmation, filed at the same time as the complaint. The United States District Court for the Western District of New York has made available a form motion to proceed *in forma pauperis*, with supporting affirmation,[4] which is designed to help *pro se* litigants—like Reyes here—comply with 28 U.S.C. § 1915(a)(1).

B.  **Certification of Inmate Trust Fund Account**

Under 28 U.S.C. § 1915(a)(2), a prisoner seeking to proceed *in forma pauperis* also must submit a certified copy of his or her inmate trust fund account statement (or an institutional equivalent) for the six months immediately before the complaint

---

[4] The Court has ordered that a form motion to proceed *in forma pauperis*, with supporting affirmation, be mailed to Reyes. The form also is available at http://www.nywd.uscourts.gov/pro-se-forms.

was filed. The prisoner must obtain this certified account statement from the appropriate official at each correctional facility where he or she was confined during that six-month period. *See* 28 U.S.C. § 1915(a)(2). Or the prisoner may have prison officials complete and sign the "Prison Certification Section" of the form motion referenced above. *See supra* note 4. In the "Prison Certification Section," prison officials provide the information from the prisoner's trust fund account statement required by 28 U.S.C. § 1915(a)(2).

C.   **Authorization Form**

A prisoner seeking to proceed *in forma pauperis* also must submit a signed authorization form,[5] allowing the institution in which the prisoner is confined to pay—over time, if necessary—the $350.00 filing fee from the prisoner's trust fund account (or institutional equivalent). *See* 28 U.S.C. §§ 1915(b)(1)–(4). In other words, even if the prisoner is granted *in forma pauperis* status, he or she must pay the full $350.00 filing fee in installments. *See* 28 U.S.C. §§ 1915(b)(1)–(2).

The initial payment will be 20% of the average monthly deposits to the prisoner's account or 20% of the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *See* 28 U.S.C. § 1915(b)(1). For each month after that, as long as the prisoner's account balance exceeds $10.00, the agency with custody of the prisoner will deduct from the prisoner's account and forward to the Clerk of Court

---

[5] The Court has ordered that an authorization form be mailed to Reyes. The form also is available at http://www.nywd.uscourts.gov/pro-se-forms.

an installment payment equal to 20% of the preceding month's income that was credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). Those payments continue until the $350.00 fee is paid in full. *Id.*

## II. ADMINISTRATIVE TERMINATION OF THIS ACTION

Here, Reyes did not pay the $350.00 filing fee or the $55.00 administrative fee that ordinarily is required to commence a civil action. And he did not submit a complete motion to proceed *in forma pauperis*, which must contain: (1) an affidavit swearing that he is unable to pay a $350.00 filing fee, *see* 28 U.S.C. § 1915(a)(1); (2) a certification of his inmate trust fund account, *see* 28 U.S.C. §§ 1915(a)(1)–(2); and (3) a signed authorization form, *see* 28 U.S.C. § 1915(b). Therefore, the Clerk of Court shall administratively terminate this action,[6] without filing the complaint or assessing a filing fee, as ordered below. As also ordered below, Reyes is granted leave to reopen this action no later than **November 18, 2024**.

## III. DEFERMENT OF SCREENING UNDER 28 UNITED STATES CODE SECTIONS 1915(e)(2) & 1915A

The Court must screen civil actions filed by prisoners and dismiss them if they: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be

---

[6] Such an administrative termination is not a "dismissal" for statute of limitations purposes. So if the case is reopened under the terms of this order, it is not subject to the statute of limitations time bar as long as it originally was timely filed. *See Houston v. Lack*, 487 U.S. 266, 270–76 (1988) (explaining prisoner mailbox rule); *McDowell v. Del. State Police*, 88 F.3d 188, 191 (3d Cir. 1996) (explaining relation back); *see also Williams-Guice v. Bd. of Educ. of City of Chicago*, 45 F.3d 161, 163 (7th Cir. 1995) (explaining limits to tolling of statute of limitations based on non-payment of fees).

granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A; *see also* 42 U.S.C. § 1997e(c) (dismissal of prisoner actions brought with respect to prison conditions). Because Reyes did not properly commence this action, this Court defers the mandatory screening process until this case is reopened—if, in fact, it is reopened. If this action is reopened and then dismissed, installment payments of the filing fee under 28 U.S.C. § 1915 will not be suspended, and Reyes will not be allowed to obtain a refund of the filing fee or any part of it that already has been paid.

Additionally, if a prisoner has, three or more times while incarcerated, brought in federal court an action or appeal that was dismissed because it was frivolous or malicious or because it failed to state a claim upon which relief may be granted, he will not be allowed to bring another action *in forma pauperis* unless he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

## ORDER

IT IS HEREBY ORDERED that the Clerk of Court shall administratively terminate this action, without filing the complaint or assessing a filing fee; and it is further

ORDERED that the Clerk of Court shall send to Reyes a form motion to proceed *in forma pauperis*, with supporting affirmation and authorization form; and it is further

6

ORDERED that, if Reyes wishes to reopen this action, he shall so notify this Court, in writing, no later than **November 18, 2024**. This writing must include either: (1) a complete motion to proceed *in forma pauperis*, including an affidavit swearing that he is unable to pay a $350.00 filing fee, a certification of his inmate trust fund account, and a signed authorization form; or (2) the $350.00 filing fee and the $55.00 administrative fee ($405.00 total); and it is further

ORDERED that, upon Reyes's submission of either (1) a complete motion to proceed *in forma pauperis*, including an affidavit swearing that he is unable to pay a $350.00 filing fee, a certification of his inmate trust fund account, and a signed authorization form; or (2) the $350.00 filing fee and the $55.00 administrative fee ($405.00 total), the Clerk of Court shall reopen this case.

Dated:   October 17, 2024
         Buffalo, New York

                                            _____
                                            JOHN L. SINATRA, JR.
                                            UNITED STATES DISTRICT JUDGE